IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY YOKOYAMA, attorney-in-fact for Leatrice C. Yokoyama; CATHERINE E. THORSON; and EDNA C. YAMANE, by her attorney-in-fact Kathleen Maeda, individually and on behalf of a Class of Similarly Situated Persons, et. at., <br><br>　　　　　　　Plaintiffs, <br><br>　　vs. <br><br>MIDLAND LIFE INSURANCE COMPANY, <br><br>　　　　　　　Defendants. | CIVIL NO. 05-00303 JMS/KSC <br><br><br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR
<u>CLASS CERTIFICATION</u>

On March 10, 2006, Plaintiffs filed a Motion for Class Certification pursuant to their Second Amended Complaint in which they seek certification of a class consisting of Hawaii seniors who, while age 65 or older, obtained[1] a Midland deferred annuity. Plaintiffs contend that Defendant Midland Life Insurance Company ("Midland") has a "practice of targeting senior citizens in Hawaii to sell

---

[1] The Plaintiffs defined the class to include seniors who "purchased . . . either directly or through the surrender (in whole or in part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy, which annuity has a rate of return dictated by a specific market 'index.'"

wholly inappropriate financial products – 'deferred annuities' – without regard for the complete unsuitability of such products to people of advanced age." Plaintiffs' Motion for Class Certification at 1.  For the reasons discussed herein, the court DENIES WITHOUT PREJUDICE the Plaintiffs' Motion for Class Certification.

The Plaintiffs' central allegation in their Second Amended Complaint and Motion for Class Certification is that Midland sold deferred annuities to seniors without regard to the alleged unsuitability of this product for older customers.  Though the Plaintiffs acknowledge that Midland's products were sold by independent sales agents, the Plaintiffs contend that sales agents adhered to a uniform sales pitch established by Midland.  Moreover, the Plaintiffs contend that Midland violated its own policy by failing to conduct independent suitability reviews when older customers sought to purchase deferred annuities.

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure.  Under Rule 23(a), a proposed class must meet the prerequisites of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Additionally, Plaintiffs must satisfy at least one of the requirements of Rule 23(b). Rule 23(b)(3) defines the broadest category of class actions that can be maintained

and Plaintiffs principally argue that certification is appropriate under this section.[2]

A class may be certified under Rule 23(b)(3) if

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The court concludes that the proposed class cannot be certified because, as the Plaintiffs' claims are articulated in the Second Amended Complaint and Motion for Class Certification, individual rather than common issues predominate.

In their Second Amended Complaint and Motion for Class Certification, the Plaintiffs do not argue that deferred annuities are universally unsuitable for seniors; rather, their position is that the product is unsuitable for *most* seniors and therefore Midland should have taken steps to ensure that senior

---

[2]Plaintiffs also argue that certification is appropriate under Rule 23(b)(1) and (2). Rule 23(b)(1) provides for certification in cases where individual adjudication of the proposed class members' cases would either impose incompatible standards of conduct on the party opposing the class or would, as a practical matter, be dispositive of the interests of potential class members not party to an individual adjudication. There are no facts to suggest that individualized adjudication of the proposed class members' claims in the instant case would either impose incompatible standards on Midland or prejudice any individual's claims. Rule 23(b)(2) provides for certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Though the Plaintiffs seek declaratory and injunctive relief, their primary claim is for damages. Thus, certification under Rule 23(b)(2) is inappropriate. *Besinga v. United States*, 923 F.2d 133, 135 (9th Cir. 1991) ("Where individual damages are sought, generally a class action must be certified under 23(b)(3)."); *Daly v. Harris*, 209 F.R.D. 180 (D. Haw. 2002) (noting that certification under Rule 23(b)(2) is generally inappropriate where significant damages are sought).

customers did not purchase an investment that was not appropriate for them. As Midland points out, disposition of the proposed class's claims, which turn on the suitability of Midland's product for the class members, will require a fact-specific, individualized analysis as to each plaintiff. While age may be a factor in the suitability analysis, there are a number of other individualized factors that would require consideration. A fact finder would need to consider evidence regarding the financial needs of each plaintiff as well as his or her understanding of the deferred annuity product and level of financial sophistication. Additionally, evidence regarding the sales practices of numerous independent brokers may be relevant.

Such individualized inquiries for a large class of plaintiffs would be unmanageable in a single case. Because individual issues clearly predominate in the Plaintiffs' suitability-based claims, certification of the proposed class is inappropriate. *See*, *e.g.*, *In re LifeUSA Holding, Inc.*, 242 F.3d 136 (3d Cir. 2001) (concluding that individual issues predominated where independent sales agents made non-uniform sales presentations and the plaintiffs' reliance on those presentations varied); *Parkhill v. Minn. Mutual Life Ins.*, 188 F.R.D. 332, 343 (D. Minn. 1999) ("if certification were granted the court would have to conduct thousands of individual inquiries into the content of each sales presentation, the

expectations and questions asked by each policyholder, and the reliance placed by the policyholder on the representations made by defendant's agents").

In their Reply Memorandum, the Plaintiffs shift their theory of the case entirely. They argue that Midlands' deferred annuities are an *inherently* deceptive product, unsuitable for *any* investor, and that Midland failed to disclose to either its customers or its sales force information necessary to make an informed decision about purchasing the product. The Plaintiffs did not clearly articulate this claim in either their Second Amended Complaint or their Motion for Class Certification. Midland, therefore, has not had an opportunity to respond. Consequently, the court does not address this argument.

The parties have entered into a stipulation, approved by the court, whereby the Plaintiffs may file a Third Amended Complaint and also may file a new motion for class certification based on any allegations raised in that complaint. The court enters this Order without prejudice to any new motion for

//

//

//

//

class certification that the Plaintiffs may file based on their Third Amended Complaint.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, July 14, 2006.



                                              J. Michael Seabright
                                              United States District Judge

*Yokoyama et al. v. Midland*, Civ. No. 05-00303 JMS/KSC, Order Denying Without Prejudice Plaintiffs' Motion for Class Certification