IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY YOKOYAMA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MIDLAND NATIONAL LIFE INSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. 05-00303 MS KSC <br><br> **DECLARATION OF JAMES J. BICKERTON** |

### DECLARATION OF JAMES J. BICKERTON

JAMES J. BICKERTON declares as follows:

1. I am an attorney with the firm of Bickerton Saunders Dang & Sullivan, and I am licensed to practice law in the State of Hawaii and am admitted to this Court. I am one of the attorneys for Plaintiffs herein. I make this declaration upon personal knowledge.

2. Over the past five years, my firm, Bickerton Saunders Dang & Sullivan ("BSDS"), and I have served as lead counsel or co-lead counsel for plaintiffs in at least seven certified class actions on behalf of consumers or employees, including one that was a nationwide class action (*Daly v. City & County of Honolulu*, challenging Hanauma Bay access fee to non-residents), two on behalf of Hawaii insurance consumers for unfair and deceptive consumer practices in setting premiums based in credit scores (*Edmund S.P. Wong v. State*

*Farm Mutual Automobile Insurance Company; Mund S.P. Wong v. State Farm Fire & Casualty*, Civil No. 01-1-2713-09 (BIA) (Consolidated); *David Ronan Hallowell v. Allstate Insurance Company*, Civil No. 01-3096-10 SSM), a statewide class of over 25,000 bank customers who were charged an improper mortgage release fee (*Michael J. McPherson, Danielle C. McPherson, Jacqueline Lee Kaohi, Brent White, Cheryl Lenart and Dee Ann Koanui v. Bank of Hawaii*; Civil No. 03-1-0494-03 SSM), a statewide class of consumers who purchased a "lifetime warranty" for a roof (*Sharon Abe et al. v. Interlock Industries, Inc. et al.*; Civil No. 04-1-2092-11 KSSA), and an Oahu class of over 200 employees denied employment benefits over a twenty year period (*Randall E. Pace, Jr., et al. v. Honolulu Disposal Service, Inc.; et al.*; Civil No. 97-00335 HG-KSC), and two cases on behalf of automobile purchasers who were charged improper fees by auto dealers on Oahu (*Roberto Cuevas and Mickey L.F. Cuevas, Individually and on Behalf of All Others Similarly Situated, v. Windward Auto Sales*, Civil No. 02-1-2660-11 SSM; and *Susan Shim et al. v. Hawaii Nissan, Inc.*, Civil No. 02-1-1658-07 SSM). All but one of the foregoing cases were settled with court-approved settlements valued in the seven figures. As part of its work on those cases, BSDS handled communications with the class, class notices, reports to the Court and other aspects of class administration in addition to the underlying merits of the claims. In each of the certified cases (two in federal court and five in state court,

the court accepted BSDS as adequate and competent class action in accordance with the applicable rules (FRCP 23 and HRCP 23 respectively).

3.    In addition to specific class experience, I am a civil litigator with 25 years of experience. I have acted as trial counsel in more than ten civil jury trials (federal and state) and numerous bench trials and arbitrations. I am AV rated by Martindale-Hubbell, have been listed in Woodward/White, Best Lawyers in America since 1993, and have been selected by the HSBA as a CLE presenter on unfair and deceptive consumer practices under HRS Chapter 480. I am routinely retained by other lawyers as their personal counsel, including by at least four past presidents of the Hawaii State Bar Association.

4.    Attached hereto as Exhibit 3 is the Declaration of Kathleen Maeda, dated January 30, 2006, and filed herein with Plaintiffs' first Motion for Class Certification on March 10, 2006. Ms. Maeda is the attorney in fact for Plaintiff Edna C. Yamane.

5.    Attached hereto as Exhibit 4 is the Declaration of Gary Yokoyama, dated January 30, 2006, and filed herein with Plaintiffs' first Motion for Class Certification on March 10, 2006. Mr. Yokoyama is the attorney in fact for Plaintiff Leatrice C. Yokoyama.

6. Attached hereto as Exhibit 5 is the Declaration of Catherine Thorson, dated January 30, 2006, and filed herein with Plaintiffs' first Motion for Class Certification on March 10, 2006.

7. Attached hereto as Exhibits 6A and 6B are relevant excerpts from the deposition of Robert Tekolste, Rule 30(b)(6) Designee for Defendant Midland Insurance Company ("Midland"). The deposition was conducted on the afternoons of October 30, 2006 (Ex. 6-A) and October 31, 2006 (Ex. 6-B).

8. Attached hereto as Exhibit 7 is a true and copy of document number MNLY 001682, produced by Midland in the ordinary course of discovery. This document confirms the testimony of Mr. Tekolste that Midland offers its agents commissions as high as 9% or 10%. However, as noted below, sales agent Daniel Doi testified to significantly higher commissions of 16% or more. This discrepancy has not been resolved, but it appears clear that the sales commissions are substantial by any measure.

9. Attached hereto as Exhibit 8 is a true and correct copy of the first page of a 294-page Microsoft Excel spreadsheet ("Defendant's Consumer Spreadsheet") produced by Defendant Midland in the course of discovery and in connection with the Rule 30(b)(6) deposition of Mr. Tekolste described above. Defendant's counsel and Mr. Tekolste have represented that Defendant's Consumer Spreadsheet reflects all purchases and purchasers of Midland's equity-

4

indexed annuities ("EIAs") in Hawaii from mid-February 2000 to October 2006. The spreadsheet reflects a total of 4847 purchases of Midland EIAs during that period. Over 900, or approximately 30%, were sold to persons aged 65 years or older.

10. My staff and I have re-analyzed Defendant's Consumer Spreadsheet to determine the applicable numbers for the period May 3, 2001 to the present ("the Class Period"). This cut-off date was selected because it is four years prior to the filing of the suit. In the absence of tolling for concealment or continuing violations, fours years is the limitations period under HRS Chapter 480, the statute under which the claims of Plaintiffs and the proposed class are brought.

11. Exhibit 9 attached hereto is a true and correct copy of a summary of Defendant's Consumer Spreadsheet for the Class Period prepared by my accounting staff at my direction. It accurately reflects the data provided for all annuities where owners and annuitants were aged 65 and over at the time of purchase during the Class Period.

12. Exhibit 9 shows a total of 624 sales where both the owner and annuitant were persons aged 65 and over ("seniors") during the Class Period. The average annuity premium for those seniors for those seniors was $51,819 and the total premiums charged were in excess of $32 million. It shows persons over age 80, including as old as 88, were sold Midland EIAs during the Class Period.

5

13. Exhibit 10 attached hereto is a true and correct copy of relevant excerpts of the deposition of Daniel Doi, taken on April 12, 2006. This transcript reflects, among other things, a statement by Mr. Doi, an agent selling Midland EIAs during the Class Period, that he received commissions of 16% to 18%.

14. In an earlier filed declaration and in his October 30-31 FRCP Rule 30(b)(6) deposition of Midland, Mr. Tekolste verified that 13 different types of EIA were sold to seniors in Hawaii in the period from 2000 up until the filing of the suit in May 2005. Defendants have produced copies of those 13 contract forms, which have the following names:

> Annual Point to Point 10
> Annual Point to Point 1
> Bonus 10
> Bonus 11
> Bonus 5
> Direct 10
> Direct 16
> Legacy Bonus 11
> Legacy Bonus 5
> Legacy Select
> MNL Legacy
> Veridian Plus
> Veridian Select

From Exhibit 9, it appears that all 13 of those forms were actually used by Midland in sales to members of the proposed class during the Class Period.

15. The exhibits described below include all 13 of the forms reflected in Exhibit 9, the "Annuity Disclosure" forms for 12 of the 13 forms of

6

contracts, and the sales brochures produced by Midland in discovery for each of the 13 forms of contract (labeled by Midland as "Certificates of Participation"). "Annuity Disclosure" forms for the MNL Legacy contract have not been located, but Exhibit 10 shows this was for just 2 of the 624 members of the proposed class. To assist the Court in understanding the organization of these Exhibits, each of the 13 contract forms is numbered as a separate Exhibit, with the relevant "Annuity Disclosure" placed on top of the contract form for ease of reference since the forms have only numbers, not readily identifiable names. The contract forms have each been assigned their name based on representations from Defendant's counsel, which Plaintiffs accept for purposes of this Motion, as to which form carries which name (e.g. "Direct 10" is the name used for form AC063A). Each exhibit comprised of the Annuity Disclosure and related contract form is immediately followed by a separate exhibit comprised of the brochures pertaining to that contract form. All brochures for each form are joined together in a single Exhibit. Where the information is available either from the brochure itself or the Index to Document Production provided to Plaintiffs' counsel by Defendant's counsel, the front page of each brochure has a note affixed by my staff showing the date on which it was created.

      16.    Attached hereto as Exhibit 11 is a true and correct copy of a Certificate of Participation for Defendant Midland National Life Insurance

7

Company's ("Midland") Annual Point to Point 10 equity-indexed annuity produced by Midland in the ordinary course of discovery.

17. Attached hereto as Exhibit 12 is a true and correct copy of the brochures for Midland's Annual Point to Point 10 equity-indexed annuity produced by Midland in the ordinary course of discovery.

18. Attached hereto as Exhibit 13 is a true and correct copy of a Certificate of Participation for Midland's Annual Point to Point 16 equity-indexed annuity produced by Midland in the ordinary course of discovery.

19. Attached hereto as Exhibit 14 is a true and correct copy of the brochures for Midland's Annual Point to Point 16 equity-indexed annuity produced by Midland in the ordinary course of discovery.

20. Attached hereto as Exhibit 15 is a true and correct copy of a Certificate of Participation for Midland's Bonus 10 equity-indexed annuity produced by Midland in the ordinary course of discovery.

21. Attached hereto as Exhibit 16 is a true and correct copy of the brochures for Midland's Bonus 10 equity-indexed annuity produced by Midland in the ordinary course of discovery.

22. Attached hereto as Exhibit 17 is a true and correct copy of a Certificate of Participation for Midland's Bonus 11 equity-indexed annuity produced by Midland in the ordinary course of discovery.

23. Attached hereto as Exhibit 18 is a true and correct copy of the brochures for Midland's Bonus 11 equity-indexed annuity produced by Midland in the ordinary course of discovery.

24. Attached hereto as Exhibit 19 is a true and correct copy of a Certificate of Participation for Midland's Bonus 5 equity-indexed annuity produced by Midland in the ordinary course of discovery.

25. Attached hereto as Exhibit 20 is a true and correct copy of the brochures for Midland's Bonus 5 equity-indexed annuity produced by Midland in the ordinary course of discovery.

26. Attached hereto as Exhibit 21 is a true and correct copy of a Certificate of Participation for Midland's Direct 10 equity-indexed annuity produced by Midland in the ordinary course of discovery.

27. Attached hereto as Exhibit 22 is a true and correct copy of the brochures for Midland's Direct 10 equity-indexed annuity produced by Midland in the ordinary course of discovery.

28. Attached hereto as Exhibit 23 is a true and correct copy of a Certificate of Participation for Midland's Direct 16 equity-indexed annuity produced by Midland in the ordinary course of discovery.

29. Attached hereto as Exhibit 24 is a true and correct copy of the brochures for Midland's Direct 16 equity-indexed annuity produced by Midland in the ordinary course of discovery.

30. Attached hereto as Exhibit 25 is a true and correct copy of a Certificate of Participation for Midland's Legacy Bonus 11 equity-indexed annuity produced by Midland in the ordinary course of discovery.

31. Attached hereto as Exhibit 26 is a true and correct copy of the brochures for Midland's Legacy Bonus 11 equity-indexed annuity produced by Midland in the ordinary course of discovery.

32. Attached hereto as Exhibit 27 is a true and correct copy of a Certificate of Participation for Midland's Legacy Bonus 5 equity-indexed annuity produced by Midland in the ordinary course of discovery.

33. Attached hereto as Exhibit 28 is a true and correct copy of the brochures for Midland's Legacy Bonus 5 equity-indexed annuity produced by Midland in the ordinary course of discovery.

34. Attached hereto as Exhibit 29 is a true and correct copy of a Certificate of Participation for Midland's Legacy Select equity-indexed annuity produced by Midland in the ordinary course of discovery.

35. Attached hereto as Exhibit 30 is a true and correct copy of the brochures for Midland's Legacy Select equity-indexed annuity produced by Midland in the ordinary course of discovery.

36. Attached hereto as Exhibit 31 is a true and correct copy of a Certificate of Participation for Midland's MNL Legacy equity-indexed annuity produced by Midland in the ordinary course of discovery.

37. Attached hereto as Exhibit 32 is a true and correct copy of the brochures for Midland's MNL Legacy equity-indexed annuity produced by Midland in the ordinary course of discovery.

38. Attached hereto as Exhibit 33 is a true and correct copy of a Certificate of Participation for Midland's Veridian Plus equity-indexed annuity produced by Midland in the ordinary course of discovery.

39. Attached hereto as Exhibit 34 is a true and correct copy of the brochures for Midland's Veridian Plus equity-indexed annuity produced by Midland in the ordinary course of discovery

40. Attached hereto as Exhibit 35 is a true and correct copy of a Certificate of Participation for Midland's Veridian Select equity-indexed annuity produced by Midland in the ordinary course of discovery.

41. Attached hereto as Exhibit 36 is a true and correct copy of the brochures for Midland's Veridian Select equity-indexed annuity produced by Midland in the ordinary course of discovery.

42. Attached hereto as Exhibit 37 is a true and correct copy of the proposed class Notice.

43. The Declaration of Professor Thomas Maronick attached hereto has only a faxed signature as of today's date. The original signature has been mailed to me and is expected in my office by November 13, 2006. The Declaration of Dr. Craig McCann attached has not yet been signed because Dr. McCann is traveling on the West Coast today. However he has reviewed an electronic copy of the declaration and has confirmed that he will execute the original when he is able to print out a hard copy over the Veterans Day holiday weekend.

Further Declarant Sayeth Naught.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2006, in Honolulu, Hawaii.

/S/ JAMES J. BICKERTON
_____
JAMES J. BICKERTON